# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Foreman Automobile Company v. Morris.

(Decided December 15, 1922.)

### Appeal from Calloway Circuit Court.

1. Contracts—Declaratory Judgment Law.—Parties who have a good faith controversy concerning the construction of the terms of a contract may, on proper application to a court of equity, under the act of 1922, commonly called the Declaratory Judgment Law, obtain in advance of the enforcement of the contract, a judgment declaring the intent, purpose and meaning of the terms of such contract.

2. Contracts—Contract From Year to Year.—A contract for a certain definite period with the privilege to the lessee of continuing the use of the property from year to year thereafter for a term not exceeding twenty years, at an advanced rental, is a valid and enforceable contract for more than one year.

3. Landlord and Tenant—Lease.—A lease of a garage with grounds for a term of more than one year, is assignable under section 2292, Kentucky Statutes, without the written consent of the landlord.

REED & BURNS and JAMES P. GROGAN for appellant.

COLEMAN & LANCASTER and WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This proceeding was instituted in the Calloway circuit court under the new act of the General Assembly,

1922, commonly called the Declaratory Judgment Law, for the purpose of obtaining a construction and enforcement of a written contract entered into between the appellant and appellee, whereby the latter agreed to erect a large building of stated dimensions and character upon a certain lot in the city of Murray to be rented to and used by appellant as a garage and sales place for automobiles. The contract sets out in detail the character of building to be erected and, excluding the specifications for the building, reads:

"This contract made and entered into this the 13th day of September, 1915, by and between M. T. Morris, party of the first part, and the Foreman Automobile Company, incorporated, party of the second part.

"WITNESSETH: That first party agrees to build a garage on the lot known as the F. P. Stum lot which lies on the corner just east of the M. E. Church South, in the city of Murray, Kentucky, said garage to be built as soon as possible after this date and to be built according to the following specifications. (Then follows the specifications.)

"The first party leases to second party the building to be constructed as herein described at four hundred fifty ($450.00) dollars per year to August 1, 1917, said rental to begin the day the building is completed and to be payable monthly; also first party hereby gives the second party the option to renew this contract for a year at a time as long as second party desires not exceeding a period of twenty years; and in case of renewal of this contract on or about August 1, 1917, or at any time thereafter, second party is to pay first party $500.00 per year rental; also second party agrees to renew this contract each year after August 1, 1917, providing second party has the Ford motor agency for Calloway county; also first party is to have free storage for his family car whenever he may desire so long as the building is leased by party of the second part."

The foregoing contract was executed in duplicate and signed by each of the parties.

A general demurrer was filed to the petition as amended and the court taking the view that the contract was unilateral sustained the demurrer and upon plaintiff's failure to plead further, dismissed the case, and this appeal results. The question is, therefore, upon the sufficiency of the petition as amended. The substance of the rent contract above copied may be stated as follows:

Morris let the building from its completion in 1915, and grounds, to the automobile company to August 1, 1917, at $450.00 per year, payable in monthly installments, and the company agreed to pay the rents. Morris gave to the company the option to extend the rental contract from August 1, 1917, for a year at a time so long as the company desired to use the building, not exceeding a period of twenty years, on condition only that the extension of the contract on and from August 1, 1917, or at the beginning of any year thereafter, shall be allowed the company on the payment to Morris of $500.00 per year as rental in monthly installments. The company agreed and obligated itself to continue the lease in force from year to year after August 1, 1917, so long as it continued to be the agent of the Ford Motor Company in Calloway county, and also to give Morris free storage room for his car in the garage so long as it continued to hold the premises. After the lease contract was entered into, according to the averments of the petition, the garage was built and turned over to the automobile company some time in 1915, and it held and used the same, paying its rentals promptly until August 1, 1917, at which time it elected to hold the lease for another year at $500.00 per year, and paid those rentals and at the end of that year elected to hold the premises for another year and so on until April, 1922, when the automobile company was about to enter into a contract of sale of its agency for Ford cars, machinery and accessories to one Beale and to assign to him its lease on the garage, when Morris, the lessor, learning of this and being informed he could get a much larger rental for the use of the garage, notified appellant company that the lease had been terminated and thereafter he would not and did not receive rentals from appellant company although duly tendered; thereupon the automobile company, before closing its trade with Beale, instituted this action to determine whether it had a right under the terms of the lease contract to assign the leasehold to Beale, and if it could not do so, it desired to know whether it can itself continue to hold the lease against Morris and conduct an automobile business.

As by the terms of the contract the automobile company assumed certain obligations and appellant Morris assumed other obligations, the contract was mutual and enforceable and the court was in error in holding it to be unilateral.

The next important question in the case is whether the leasehold was assignable, or conversely stated, would an attempt to transfer the lease by assignment work a forfeiture thereof? Our statutes, by section 2292, provides: "Unless the landlord consents thereto in writing, every assignment, or transfer of his term or interest in the premises, or any portion thereof, by one who is a tenant at will or by sufferance, or who has a term less than two years, shall operate a forfeiture to the landlord, who, after having given the occupant ten days' written notice to quit, may re-enter and take possession, or may, by writ of forcible entry or detainer, or the proper procedure, recover possession of the premises from any occupant thereof, whoever she or he may be." Construing this section according to its plain intent a tenant cannot assign the leasehold or any portion thereof if his term is less than two years, and we have held in the case of Grizzle v. Pendleton, 15 Bush 115, that the word "term" is intended to and refers to the original time for which the lease was to continue; and that a tenant who originally had a term for two years or more could not be dispossessed under this section of the statutes even though he had occupied the premises for a portion of the time and the remaining portion was less than two years. A contract like the one under consideration which gives absolutely to the tenant a certain fixed period and at the end of such term the option to extend the lease for a year at a time but not to exceed a given number of years, has been held to be a contract for more than one year and the landlord cannot oust his tenant under the terms of section 2292, Kentucky Statutes. This rule is very well expressed in 16. R. C. L. 831, where the text reads:

"It has been held that an assignment of a lease providing for a term of one year, with the option on the part of the lessee to renew from year to year for five years, does not violate a statute prohibiting the assignment, without the lessor's written consent, of a term not exceeding two years, as such option transferred the term into a lease for more than one year." The text is supported by Donovan v. Brewing Co., 92 Mo. App. 341; Jones, et al v. Board of Trade, etc., 99 Mo. App. 443.

It therefore appears that the lease under consideration was for a term of more than one year, and was not subject to be terminated by the landlord through the methods set out in section 2292, Kentucky Statutes.

The leasehold did not depend upon the appellant company continuing its agency for the Ford Motor Company except to the extent that the said company obligated itself to continue to occupy the premises and to pay the rents from year to year so long as they held such agency, but the automobile company was not obligated to continue the agency in order to continue the lease, for the lease may be continued for the full term of twenty years even though Beale first acquired from the automobile company the said agency.

For the reasons indicated the judgment of the lower court must be reversed for proceedings consistent with this opinion.

Judgment reversed.