## Livingston County, et al. v. L. H. and L. D. Adams.

(Decided May 8, 1923.)

### Appeal from Livingston Circuit Court.

Appeal and Error—Appeal from Declaratory Judgment Held Too Late.—Where a declaratory judgment was rendered on December 13th, an appeal filed on February 13th following was filed sixty-two days after the judgment was rendered, even though the day on which the appeal was filed was not counted, but the day on which the judgment was rendered was, so that it was too late under the Declaratory Judgment Act, permitting an appeal within sixty days, and the appeal will be dismissed.

J. R. WELLS for appellants.

C. H. WILSON, C. C. GRASSHAM and L. B. ALEXANDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Dismissing appeal.

The declaratory judgment act of 1922, under which this proceeding was instituted, provides that any party aggrieved by a declaratory judgment, order or decree, rendered in the circuit court, may *within* sixty (60) days after such judgment, order or decree has become final, take and perfect an appeal to the Court of Appeals in the manner now provided by law for appeals. Should the party aggrieved not take and perfect an appeal to the Court of Appeals within the time above provided, the declaratory judgment, order or decree shall become final and no appeal or proceeding to modify or reverse shall thereafter be allowed.

It will be noted that the appeal must be prosecuted *within sixty* (60) days from the taking effect of the judgment. The judgment appealed from in this case was rendered December 13, 1922. The appeal was filed in this court February 13, 1923; and if you count the day on which the judgment was entered and the day on which the appeal was filed, we have considerably more than sixty (60) days. If, however, we count only one of those days, we have sixty-two (62) days. Manifestly the appeal was not filed within the time provided by the act, and for that reason this court has no jurisdiction. The appeal is therefore dismissed.

Appeal dismissed.