## Proctor, et al. v. Avondale Heights Company.

(Decided October 12, 1923.)

### Appeal from McCracken Circuit Court.

Action—Court Should Refuse Under Declaratory Judgments Act to Declare Rights Necessarily Involved in Another Suit and Not Requiring Prompt Determination.—Where purchasers of lots obtained a restraining order in an injunction suit against a land company restraining the use of tracts marked "reserve" in any way inconsistent with the use of the same as parks, the court in another proceeding under the Declaratory Judgments Act should not have determined any matters involved in the injunction suit unless necessary, the latter proceeding being brought by the land company by reason of its obligation under the terms of a contract to convey a small part of the reserved tract to a water company, which was already in possession thereof, and should have limited its declaration of rights to that of the land company to make conveyance to the water company.

BRADSHAW & MacDONALD for appellants.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing in part and affirming in part.

This is an action by appellee, plaintiff below, under the provisions of the Declaratory Judgments Act, 1922, and was instituted, prosecuted and a judgment entered therein under the circumstances and conditions shown hereafter.

In 1908, or prior thereto, the Gregory Heights Company was organized for the purpose of subdividing into lots a tract of land adjacent to or in the suburbs of the city of Paducah, and selling lots therein.  That company had recorded in the county clerk's office a plat of this proposed subdivision showing how the same was subdivided into lots, streets and alleys.  On that plat there were three tracts not subdivided; one of these tracts was

marked on the plat "Heights Park" and was situated near the center of the tract, and there were two other tracts not subdivided as shown thereon, one on the south western part of the tract and another on the far end of the tract, and they were each marked thereon "Reserve."

After the sale by the Gregory Heights Company of some of the lots, and in 1913 the appellee, Avondale Heights Company, became the owner of the remainder of the subdivision. Shortly thereafter and on the 12th day of June, 1913, appellee entered into a written contract with the Paducah Water Company with a view to furnishing the residents of the new subdivision with water, and as a part of that contract agreed within ten years thereafter to make the water company a deed to a lot fronting 50 feet on 35th street and 165 feet on 34th street, said lot being the corner of one of the undivided spaces marked "Reserve" as shown on the map, and that "Reserve" plot being the one so marked at the eastern end of the tract, and at a point where 34th street and 35th streets, by reason of a curve in each, converge. This plat was recorded in the county court clerk's office before any of the defendants to this action, or any of the plaintiffs in the injunction suit hereafter referred to, acquired title to their respective lots in the subdivision.

The pleadings in this action show that the defendants herein (except the water company), together with certain other parties not named, had, prior to the institution of this suit, brought action in the McCracken circuit court to enjoin and restrain the sale of the unplatted tracts marked "Reserve," or any portion of either of said tracts, by the plaintiff herein, and to enjoin and restrain this plaintiff from making any use of said tracts marked "Reserve" in any way inconsistent with the use of the same as parks. It is alleged herein that the plaintiffs in the injunction suit contend therein that the original filing of said plat by the Gregory Heights Company and the marking therein of the two tracts as "Reserve" was a dedication of each of said tracts as a park space for the use of the public generally, forever; and that said plaintiffs in the injunction suit, also, claim therein that after the purchase by appellee in May, 1913, of the subdivision, it, through its agents, made representations to the effect that said tracts marked "Reserve" were and would remain park spaces, and that the company therefore could

not now subdivide said unplatted areas into lots or make use of them inconsistent with their use as parks. It is further shown in the pleadings in this action that the company is resisting the injunction suit, and has denied therein that the filing of the plat amounted to a dedication of said tracts of land marked "Reserve" as parks, and it has denied therein that, through its agents or in any other way, it ever made any representations to the effect that said tracts' of land marked "Reserve" were or would be park space for the use of the public generally, or any other person or persons, except to the company and to those to whom it might sell said tracts in whole or in part, and that there has never been any dedication for the purpose indicated by the filing of the plat, or any representation by the company, or any construction thereof by it which might operate as an estoppel against it to deny such dedication.

It is, also, shown in the pleadings herein that in the injunction suit a temporary restraining order was issued against the company enjoining and restraining it from selling or conveying any part of either of the said tracts marked "Reserve," and enjoining and restraining it from making any use of either of said tracts, except for park purposes, and that said restraining order is still in full force and effect.

It is further alleged that the company built, under the terms of its contract with the water company in 1913, a pumping station on the lot of ground mentioned, and which it agreed to convey to the water company, and that same has been since continuously used as a location for said pumping station, and that same was so used before any of the parties, plaintiffs in the injunction suit, purchased their property in said subdivision.

It is likewise alleged that the said use of the lot of ground is wholly inconsistent with its use as a park, and that defendants have known of such use since their respective purchases of the lots.

The allegation is then made that because of the temporary restraining order issued in the injunction suit, this plaintiff could not comply with its contract to convey the lot, 50 by 165 ft., upon which the pumping station was situated, to the water company, and alleges that the conveyance of same and the maintenance of the pumping station thereon is wholly inconsistent with the use of the tracts marked "Reserve" as a park space, but that de-

fendants contend that said conveyance and the mainte-
nance of said pumping station on the lot is not incon-
sistent with the use of the residue of said tracks as a
park.

The prayer of the petition is that the court make a
binding declaration of rights and determine by its final
judgment whether the conveyance of said tract of land,
50 by 165 ft., at the convergence of 34th and 35th streets,
to the water company, and the maintenance of a pumping
station thereon is consistent or inconsistent with the use
of said tracts marked "Reserve," as parks.

A demurrer by all of the defendants to the petition
was overruled, and then the defendants, other than the
water company, filed an answer wherein they admit that
the use of the lot of ground 50 by 165 ft. described in the
petition, which the plaintiff had agreed in its contract to
convey to the water company for the purpose of having
maintained thereon a pumping station, is inconsistent
with the use of said lot, 50 by 165 ft., as a park space, but
they deny that such use by the water company of said lot
is inconsistent with the use and character of the re-
mainder of either of the said tracts marked "Reserve"
as park spaces, and affirmatively allege that the convey-
ance of said lot, 50 by 165 ft., and such use of same by
the water company is consistent with the use of the re-
mainder of tracts marked "Reserve" as park spaces, and
that the maintenance of the pumping station and the con-
veyance of the lot to the water company for that purpose
will be wholly consistent with the use of the remainder of
such spaces for the purposes of recreation, pleasure or
ornamentation, and they allege that any declaration in
this action by the court as to the consistency or incon-
sistency of the use of the remainder of said tracts marked
"Reserve" as park spaces is not necessary or proper at
this time, and under all the circumstances, in view of the
pendency of the other action, and would not terminate
any uncertainty on that question.

It is further alleged in the answer herein that the
plaintiffs in the injunction suit, in their reply therein,
expressly say that they have never objected and do not
object to the use by the water company of the small piece
of ground 50 by 165 ft., near the eastern "Reserve," for
its secondary pumping station, and allege therein that
said station is used to make available city water for the
subdivision, and that such station and the ground around
it are well and ornately kept, and that the maintenance

of the pumping station in no way militates against the past, present or future use of the balance of the tracts marked "Reserve" as open and park spaces.

It is further alleged in the answer herein, that the answering defendants have, since the institution of this action, tendered and offered to file an amended petition in the injunction suit, wherein they expressly disclaim and release any right, title, interest or claim in or to said lot, 50 by 165 ft., either for park space or for any other purpose or purposes whatsoever, but they reasserted therein that the use of the lot by the water company, and the conveyance of same, does not and will not affect the character of the remainder of the tracts marked "Reserve" as park space for the use of the plaintiffs and the other lot owners in the subdivision, and the whole public.

It is further alleged that besides the answering defendants, there are in the injunction suit, 17 other plaintiffs whose rights would be materially affected by an adjudication in this case as to whether or not the use and ownership of the lot, 50 by 165 ft., by the water company, is inconsistent with the use of the remainder of said tracts marked "Reserve" as park spaces. It is alleged that the pleadings in the injunction suit are voluminous, and that already a great quantity of evidence by deposition has been taken in that action, and in this action the court will have before it neither complete and appropriate pleadings filed in that action presenting the issues therein, nor the evidence with reference to the questions and issues there made.

It is likewise alleged that the only structure on the lot, 50 by 165 ft., is a well built, nice looking brick pumping station, having stone ledges and a slate roof, is 18 ft. 2 in. long, 12 ft. 2 in. wide and 8 ft. 10 in. high to the roof line; and that the lay of the land in said tract marked "Reserve" and the growth of shade trees thereon make unobjectionable the use of the remainder of said tract as park space.

The court on these pleadings entered a judgment that the use of the lot, 50 by 165 ft., as a pumping station by the water company is and would be inconsistent with the use of the same as a park and for park purposes, and further adjudged that the maintenance of a pumping station on said lot, 50 by 165 ft., is inconsistent with the use as a park and as a free and open space of said tract

marked "Reserve," on which said lot, 50 by 165 ft., is located, and of which it is a part. The court further adjudged that the conveyance of the lot, 50 by 165 ft., off the "Reserve" lot at the convergence of 34th and 35th streets, and the maintenance of a pumping station thereon, is not inconsistent with the use as free and open and park space of the tract marked "Reserve" on the other side of said subdivision.

From that judgment the defendants, other than the water company, have appealed, and the appellee prosecutes a cross appeal from so much of the judgment as declares the use and the maintenance of the pumping station at the place designated, is not inconsistent with the use for park purposes of the last named tract marked "Reserve."

These pleadings disclose that at the time of the filing of this action there was pending in the McCracken circuit court an injunction suit wherein all of the issues, except one, it is sought to have here passed upon by a declaratory judgment, were involved, and wherein there were elaborate pleadings raising both questions of law and questions of fact. They disclose, in addition, that evidence had been and was being taken in that action looking to a final disposition of those issues.

In the light of this situation we are unable to see what sound reason can be given why, in this summary proceeding which is of necessity passed upon hastily on the pleadings alone without the benefit of the evidence which may be finally disclosed in the injunction suit, the court should enter such judgment as might, in many material respects, affect a final adjudication in the injunction suit, after it has been fully prepared and heard on the merits.

Apparently the only reason for the institution of this action was the obligation of the plaintiff to make, under the terms of its contract on or before the 12th day of June, 1923, a conveyance to the lot of land in question to the water company, which it could not properly make in the light of the restraining order in the injunction suit.

We find, however, from the state of the pleadings in this action, as well as in the injunction suit, that there is and has been no real controversy as to the right of appellee to make the conveyance to the water company, and it therefore appears that in the exercise of a sound judgment and discretion, the trial court in this action should have merely adjudged the rght of appellee to make the

conveyance to the water company, under the terms of its contract, and should have left all other issues of law and fact between appellee and the plaintiffs in the injunction suit open for final determination upon the preparation of that action.

Under the express provision of section 6 of the Declaratory Judgments Act, the trial court may refuse to exercise a power to declare rights "where the declaration or construction is not necessary or proper at the time under all the circumstances."

Under the facts presented here, the court should have exercised the plain discretion thus given, by declining to declare any rights in this action except the right of appellee to make a conveyance to the water company, according to the terms of its contract, and should have left all other matters in issue for a final determination in the injunction suit.

The question of law attempted to be applied by the appellee so as to have it adjudged herein that the conveyance to the water company and its use of the small lot for the purposes indicated would be inconsistent with the use of any of the property involved for park purposes, may or may not be applicable when all the facts and circumstances are brought to light in the injunction suit already pending.

The judgment is reversed on each of the appeals with directions to enter judgment as herein indicated, and to expressly leave open all other issues that may be determined in the injunction suit.