### Axton, et al. v. Goodman, Clerk, etc., et al.

(Decided October 31, 1924.)

#### Appeal from Franklin Circuit Court.

Action—Candidates could Not Under Declaratory Judgment Act Sue Chairman of Election Boards and Attorney General for Declaration of Rights to Appoint Challengers and Inspectors at

Election.—Candidates on Progressive party ticket could not under Declaratory Judgment Act sue chairman of boards of election commissioners and Attorney General, to obtain declaration of right of such party to appoint challengers and inspectors at election, defendants having no duties to perform with respect to such appointment and no rights that would be affected, and hence demurrer for defect in parties was properly sustained, under Civil Code of Practice, section 92.

HARDIN H. HERR for appellants.

FRANK E. DAUGHERTY, Attorney General, and VICTOR A. BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Wood F. Axton, Thomas J. Harper and M. O. West, three of the thirteen candidates for presidential electors on the Progressive party ticket to be voted on at the general election to be held on November 4, 1924, brought this suit under the declaratory judgment act against John A. Goodman, clerk of the Court of Appeals, and *ex officio* chairman of the state board of election commissioners, Frank E. Daugherty, attorney general of the state of Kentucky, and John M. Lucas, sheriff of Franklin county, and *ex officio* chairman of the county board of election commissioners of that county, to obtain a declaration of their rights to the effect that the Progressive party was entitled to appoint challengers and inspectors at that election. The defendants interposed both a special and general demurrer. The special demurrer was sustained and the petition dismissed. Plaintiffs have appealed.

Under section 2 of the declaratory judgment act, chapter 83, Acts 1922, any person whose rights are affected by a statute may apply for and secure a declaration of his rights or duties, "provided always that an actual controversy exists with respect thereto." Section 9 provides that when declaratory relief is sought "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The petition proceeds on the theory that an actual controversy exists with respect to the Progressive party to appoint and have challengers and inspectors at the polls because John A. Goodman, the chairman of the state board of election commissioners, refused to express an opinion on the subject, and Frank E. Daugh-

erty, the attorney general, advised the chairman of the Progressive party, in writing, that his party was not entitled to challengers and inspectors, and because John M. Lucas, the sheriff of Franklin county, is also *ex officio* chairman of the board of election commissioners of that county. The declaratory judgment act plainly contemplates that there shall be an actual controversy between persons having an interest in the subject matter of the action, or between persons whose rights or duties are affected by the statute sought to be construed. For instance, if A has a contract with B, he will not be entitled to a declaration of his rights under the contract merely because the proper interpretation of the contract is a matter of dispute between him and C, or some other person who has no interest whatever in the contract. No one of the defendants has any duties to perform with respect to the appointment of challengers or inspectors, or their admission to, or exclusion from, the booths. Nor has any one of them any rights that will be affected in the least by the presence or absence of inspectors or challengers at the polls. Therefore, the petition presents a case of mere difference of opinion, and not an actual controversy between the parties in interest. Not only was no cause of action stated against the defendants, but no one whose rights or duties are affected by the statutes in question was made a party to the proceeding. Therefore, there was a defect of parties apparent on the petition, and the special demurrer was properly sustained. Civil Code, section 92.

But, we are asked to go ahead and decide the question. This we cannot do in the absence of an actual controversy, and with no opposing party before the court to represent those whose rights may be affected by the decision.

Judgment affirmed.

Whole court sitting.