## Coke, et al. v. Shanks, Auditor of Public Accounts, et al.

(Decided June 19, 1925.)

### Appeal from Franklin Circuit Court.

Dismissal and Nonsuit—Action for Declaratory Judgment Dismissed Without Prejudice, Where all Interested Persons Not Made Parties, and Any Declaration Would Not be Binding on Them.—In suit by taxpayers against state highway commission and others to obtain declaratons of rights as to alleged illegal and excessive expenditures by state highway commission, and to enjoin issuance of warrants for alleged deficit, where no one holding a claim against state sought to be declared invalid was made a party, and any adverse declaration would not be binding on any claimant, held that, under Declaratory Judgment Act, sections 6 and 9, action will be dismissed without prejudice.

SELDON Y. TRIMBLE and BECKHAM, HAMILTON & BECKHAM for appellants.

FRANK E. DAUGHERTY, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, L. A. FAUREST and LEON P. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Alleging that the state highway commission had for and during the fiscal year beginning June 30, 1923, and ending June 30, 1924, made contracts and incurred liabilities in at least the sum of $8,580,615.85, whereas its income and revenues for that period were only $5,016,-118.14, and that it had carried over the deficit of $3,564,-497.71 as a liability against its income and revenue for the fiscal year June 30, 1924-June 30, 1925, and that it had and was certifying to the auditor of public accounts the various claims aggregating this deficit in order that the auditor might issue his warrants therefor on the state treasurer; and further alleging that the auditor had

issued and would issue such warrants when so requested and that the state treasurer had stamped as "interest-bearing" such warrants as had been issued, a large number of which were outstanding as obligations of the Commonwealth, and would so stamp the others when issued, and would in due time pay such warrants, appellants as citizens and taxpayers brought this suit against the state highway commission and its members, the auditor and the treasurer for a declaration of the rights, duties and liabilities of the parties; also for a judgment declaring that so far as the obligations of the state highway commission for the fiscal year ending June 30, 1924, exceeded its revenue by the alleged sum of $3,564,497.71, the same be declared void as unconstitutionally incurred; and, lastly, for an injunction enjoining the state highway commission, the auditor and treasurer from carrying such obligations into interest bearing warrants and eventually paying the same.

This is a suit under the Declaratory Judgment Act, chapter 83 of the Acts of 1922. By section 6 of that act it is provided:

"The court may refuse to exercise the power to declare rights, duties or other legal relations in any case where a decision under it would not terminate the uncertainty or controversy which gave rise to the action, or in any case where the declaration or construction is not necessary or proper at the time under all the circumstances. The appellate court in its consideration of the case, shall not be confined to errors alleged or apparent in the record. When, in its opinion, further pleadings or proof is necessary to a final and correct decision of the matters involved, or that should be involved, it shall remand the case for that purpose; or if in its opinion the action is prematurely brought, or where a ruling in the appellate court is not considered necessary or proper at the time under all the circumstances, it may direct a dismissal without prejudice in the lower court."

It seems clear to us that this case comes squarely within the provisions of this section of the act, which authorizes this court to direct a dismissal of the action without prejudice where a ruling is "not proper at the

time under all the circumstances." Under the pleadings and proof in this case, we must hold the alleged deficit either illegal or a binding obligation of the state. But were we to declare it illegal it would be a *brutum fulmen.* Section 9 of the Declaratory Judgment Act provides:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a statute, the attorney general of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the petition and be entitled to be heard."

The section mandatorily requires that all persons who have or claim any interest which would be affected by the declaration of rights shall be made parties to the litigation. Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752. In this case no one who holds a claim against the state, which it is sought to have declared invalid, has been made a party, and this question was properly raised by appellees in the lower court. Indeed, it is not even pointed out in the petition or proof what particular claims or expenditures of the $8,580,615.85 are comprised within the alleged illegal deficit of $3,564,497.71. It is obvious that any adverse declaration would not be binding on any claimant. The latter would have the right to relitigate the questions here raised as to the legality of the alleged deficit, since the statute itself provides that no declaration shall prejudice the rights of persons not parties to the proceeding. Such claimant would further have the right to litigate the question whether or not his particular claim falls within the alleged illegal deficit of $3,564,-497.71, or within the admittedly legal part of the $8,580,-615.85 of expenditures.

Should the court, then, when it is invested with discretion to decline to make a declaration of rights when it is not proper at the time under all the circumstances to make such ruling, undertake to make a declaration which if made one way decides nothing and ends no con-

troversy? The impropriety of such a proceeding seems obvious to us.

The lower court dismissed appellant's petition, but it should have done so without prejudice as the statute directs; hence its judgment is reversed. with instructions so to do.

Whole court sitting.