## Mendel v. Congregation Adath Israel, et al.

(Decided March 5, 1926.)

Appeal from Jefferson Circuit Court.

Appeal and Error—Declaratory Judgment Affirmed, where Rights of Appellant were Not Decided (Declaratory Judgment Act [Acts 1922, c. 83]).—Where appellant objected to removal of body from abandoned church cemetery to allow establishment of city park, but judgment under Declaratory Judgment Act did not refer to such question, judgment will be affirmed; there being nothing in it prejudicial to claimed rights of appellant.

BENJ. H. SACHS for appellant.

JOSEPH E. CONKLING for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Affirming.

Appellee, the Congregation Adath Israel, owns in fee and is in possession of a lot containing about one acre in a thickly populated section of the city of Louisville. This lot was used as a burying ground by the members of the congregation until about forty years ago when a new cemetery was procured outside the city limits. There have been no interments in the old cemetery during the last forty years and many of the bodies have been removed therefrom by relatives but many bodies and tombstones are still there and the property has never been used for other than burial purposes and as a place of sepulcher.

In 1923 the Congregation Adath Israel, a corporate body, regularly and duly tendered the old cemetery lot to the city of Louisville and its board of park commissioners for park purposes. The park commissioners by resolution duly adopted agreed to accept the property upon condition that all bodies and tombstones be removed therefrom by the congregation at its own expense. This the congregation agreed to do and set apart a portion of its new cemetery for the reception of such bodies. It thereupon informed its members of such purpose and published notices thereof in the local newspapers.

Appellant, Sallie Mendel, whose grandfather is buried in the old cemetery, objected to the removal of his remains upon the ground that the congregation is without power so to do. Thereupon this action was institu-

ted by the congregation against Sallie Mendel and the park commissioners of the city of Louisville under the Declaratory Judgment Act for a declaration of the respective rights of the parties in the premises. Proof was taken to substantiate the denied allegation of the petition that no lots had been sold in the old cemetery by the congregation for burial purposes and that burials were made therein by permission only and in the order of death without regard to families, and there was no contrary proof.

Upon submission the court adjudged as follows:

(1)  "That the plaintiff, Congregation Adath Israel, is now and has been at all times since the year 1843 a corporation under the laws of the state of Kentucky, and the owner in fee simple of the following property in the city of Louisville, Jefferson county, Kentucky," which is particularly described.

(2)  "That said ground was up to and prior to about 40 years ago, used by the members of the plaintiff corporation as a burial ground or cemetery and that no burials have taken place in said cemetery for a period of forty years last past."

(3)  "That the plaintiff, Congregation Adath Israel, acting by and through its board of trustees by resolution regularly adopted, dedicated said above described property for park purposes and agreed to convey said property to the defendant, city of Louisville, for such park purposes."

(4)  "That the defendant, board of park commissioners of the city of Louisville, did on the 19th day of February, 1924, at a regular meeting of said board accept the dedication of said property for said purposes provided the plaintiff would remove or have removed all bodies and tombstones therefrom before said property should be turned over to said board of park commissioners."

(5)  "That the board of park commissioners of the city of Louisville, Kentucky, be given and it hereby is given the right to accept the dedication of the Adath Israel cemetery described by metes and bounds above, provided the congregation of the said Adath Israel Temple removes or have removed from said property all bodies and tombstones, and upon such removal the plaintiff, Congregation Adath Israel, is directed and ordered to make, execute and de-

liver a deed to said above described property with the usual covenant of warranty to the defendant to be held by the defendant, board of park commissioners of the city of Louisville, so long as same shall be used for park or play ground purposes.''

(6) ''That when and at the time the above mentioned conditions have been carried out, the president of the Congregation Adath Israel, the plaintiff herein, is hereby empowered to make a deed to the defendant, city of Louisville, and said officer is hereby ordered to execute and deliver such deed.''

From this judgment the defendant, Sallie Mendel, has prosecuted this appeal.

It will be noticed that the single question about which there was any real controversy between the parties, that is, the right or power of the plaintiff to remove the bodies buried in the old cemetery to the new one, is not referred to nor passed upon in the judgment and the right of the congregation to convey and of the board of park commissioners to accept the old cemetery for park purposes is conditioned upon the removal of all bodies and tombstones therefrom.

The judgment is therefore wholly ineffective for any purpose unless and until all bodies and tombstones are removed from the premises by the plaintiff, and as there is no declaration of its right or power to remove same there is nothing in the judgment denying or in any wise prejudicial to any claimed right of the appellant, Sallie Mendel, or others similarly situated for whom she also defended, in or to the old cemetery or about which she or any of those whom she represents can or do complain.

Accordingly, the judgment must be and it is affirmed.