## Lyons' Administrator, etc. v. Greenblatt, et al.

(Decided March 16, 1926.)

### Appeal from Boyle Circuit Court.

Dismissal and Nonsuit—Where Unknown Heirs were Not Made Parties, Action for Declaratory Judgment should have Been Dismissed Without Prejudice (Acts 1922, c. 83, Sections 1, 6; Civil Code of Practice, Section 691).—In action under Acts 1922, c. 83, to obtain declaration whether former judgment, adjudging certain parties to be the only heirs of a decedent, would be binding and protect administrator if other heirs should thereafter appear, case should have been dismissed without prejudice, under sections 1 and 6; decedent's unknown heirs not having been joined as required by Civil Code of Practice, section 691.

CHENAULT HUGUELY for appellant.

SANDIFER & LANIER for appellees.

Opinion of the Court by Chief Justice Clarke—Reversing.

This is an action under the Declaratory Judgment Act, (chapter 83, 1922 Acts). Its purpose is to obtain a declaration whether a judgment in a former action adjudging certain parties thereto to be the only heirs of Samuel Lyons deceased would be binding and protect the administrator and his bondsmen if other heirs should hereafter appear and make claim against the administrator for a part of the estate.

It is set out in the petition and not denied that in addition to all of the known heirs (twenty in number) his "unknown heirs" were made parties defendant to that action and proceeded against by warning order as authorized by section 691 of the Civil Code of Practice, but only the administrator and two of the known heirs are parties hereto.

Section 6 of the act provides that the court may refuse to exercise the power to declare rights in any case where a decision would not terminate the uncertainty or controversy which gave rise to the action; while section 9 provides that when declaratory relief is sought all persons who have or claim any interest which will be affected by the declaration shall be made parties.

Since decedent's unknown heirs are not made parties hereto as provided by section 691 of the Code, it is clear that any decision in this case could not possibly be binding upon them, if any there be, and the lower court, therefore, should have declined to declare the rights of those who were parties to this action and dismissed same without prejudice.  Axton v. Goodman, 205 Ky. 382, 265 S. W. 806; Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752; Coke, et al. v. Shanks, Auditor of Public Accounts, et al., 209 Ky. 723, 273 S. W. 552.

Besides, this court in Shearer, et al. v. Backer, et al., 207 Ky. 455, 269 S. W. 543, held that, "Questions already adjudicated by a court having jurisdiction of the subject matter and the parties, cannot thereafter be the subject between such parties and their privies of 'an actual controversy' within the meaning of those terms in sections one and six of the Declaratory Judgment Act."

Wherefore, the judgment is reversed with directions to dismiss the petition without prejudice.