## Herbert C. Heller & Company v. Hunt Forbes Construction Company.

(Decided January 13, 1928.)

### Appeal from Boyd Circuit Court.

Action.—In proceeding under declaratory judgment act (Civil Code of Practice, secs. 639a-1–639a-12) to determine whether signing of waivers under Ky. Stats., sec. 3101 by property owners estopped them from questioning validity of assessment under section 3096, held, that in view of Civil Code of Practice, sec. 639a-6, providing that court may refuse to exercise power to declare rights in any case where decision would not terminate controversy, and because property owners were not joined and their rights could not be affected, court should refuse to declare rights of those who were parties to action.

JOHN P. BRADY for appellant.

JOHN T. DIEDRICH for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an action under the declaratory judgment act, section 639a1 to section 639a12 of the Civil Code of Practice.

It is alleged in the petition that the appellees, Geo. Hunt, Jos. W. Bosley, and M. I. Forbes, a partnership doing business as the Hunt Forbes Construction Company, constructed certain streets in the city of Ashland pursuant to sections 3096-3102, inclusive, of the Kentucky Statutes, and that the city of Ashland made settlement with appellees by turning over to them the cash that was paid by property owners against whom assessments were made, and by turning over to them bonds that were issued upon property on which waivers had been signed as provided by section 3101, Kentucky Statutes. The appellees negotiated the sale of these bonds to the appellant, Herbert C. Heller & Co.; the sale being conditioned on the validity of the waivers signed by the

property owners. It is alleged that certain lots abutting the streets constructed are worth less than one-half the amount of the assessment against such lots, but that the owners of these lots have signed the waiver as provided by section 3101. None of these property owners were made parties to this action.

The question sought to be determined is whether or not the signing of the waiver by the property owners as provided by section 3101 estops or prevents such property owners or any subsequent owners of the property from raising at any time the question as to the validity of the assessment when it exceeds one-half the value of the lots in view of section 3096 of the Kentucky Statutes, which provides that any assessment for any street improvement which exceeds one-half of the value of the lot or parcel of real estate upon which the assessment is made shall be void as to such excess. Section 639a6 of the Code provides that the court may refuse to exercise the power to declare rights in any case where a decision under it would not terminate the uncertainty or controversy which gave rise to the action, or in any case where the declaration is not necessary or proper at the time under all the circumstances. Section 639a9 of the Code provides, in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

It is clear that any decision in this case would not be binding upon any property owner whose interest would be affected. The lower court therefore should have declined to declare the rights of those who were parties to the action. Coke v. Shanks, 209 Ky. 723, 273 S. W. 552; Lyons' Adm'r v. Greenblatt, 213 Ky. 567, 281 S. W. 487.

Wherefore the judgment is reversed, with directions to permit the plaintiff to make parties any property owners whose interests may be affected. Unless such persons are made parties the petition will be dismissed without prejudice.