## Johnson, et al. v. Johnson.

(Decided October 5, 1928.)

### Appeal from Johnson Circuit Court.

Appeal and Error.—Under Civil Code of Practice, secs. 639a-1 to 639a-12, where judgment in suit under declaratory judgment statute was rendered on March 13, 1928, and appellants filed record in Court of Appeals 109 days from rendition of judgment, and no extension of time was granted for filing record, appeal must be dismissed for lack of jurisdiction under section 639-a5, providing that any appeal from judgment rendered in proceedings under act shall be taken within 60 days thereafter unless time be extended.

JOHN M. SPRADLIN for appellants.

KIRK, KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

This equity action was filed in the Johnson circuit court by appellee, Charles Johnson, against appellants, Clare Johnson, et al., under the provisions of section 639a1 to and including section 639a12 of the Civil Code of Practice, Carroll's 1927 Edition, commonly known as the Declaratory Judgment statute. Its purpose was to obtain a correct construction of a deed executed on February 11, 1926, by Levy Johnson and wife, to their two sons, Charles and Otto Johnson. Judgment was rendered in the cause on March 13, 1928, and appellants filed the record in this court, in an effort to appeal therefrom, on June 30, 1928, which was 109 days from the rendition of the judgment. Section 639a5 provides that any appeal from the judgment rendered by the circuit court in proceedings under the act shall be taken within 60 days thereafter, unless the time be extended on proper application therefor. No such application was made in this case, nor was there any extension order for further time made by any court.

The last paragraph of the last section of the Code referred to expressly provides that:

"Should the party aggrieved not take and perfect an appeal to the Court of Appeals, within the time above provided (including any extension therefor if made), the declaratory judgment, order or decree, shall become final, and no appeal or proceed-

ing to modify or reverse shall, thereafter be allowed."

We have consistently held that the statute was mandatory, and, unless the appeal was prosecuted according to its provisions this court would not acquire jurisdiction thereof, and the attempted appeal would be dismissed. Livingston v. Adams et al., 199 Ky. 127, 250 S. W. 811; Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307; and Lady v. Lady (Ky.) 9 S. W. (2d), this day decided.

It follows that this appeal must be and it is dismissed for want of jurisdiction.