## Jefferson County ex rel. Coleman, County Attorney, et al. v. Chilton.

## Commonwealth ex rel. Cammack, Attorney General, v. Jefferson County et al.

## Chilton v. Same.

(Decided December 16, 1930.)

615

HARRIS W. COLEMAN for Jefferson County.

BENJAMIN F. WASHER and WALTER LAPP for J. Matt Chilton.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Willis—Reversing.

J. Matt Chilton was county attorney of the county of Jefferson from January 1, 1918, until June 27, 1927. Thereafter an action was instituted against him by the county to recover money alleged to have been received by him in excess of $5,000 per year as compensation for his official services. Whilst the suit was still pending, this action was instituted under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.) for a declaration of rights between the parties. Chilton entered his appearance to the action and joined in the request for a declaration of rights. The commonwealth of Kentucky was not a party to the original action, but appeared in the present suit by an intervening petition asking for a declaration of the right of the state to recover from Chilton its share of the alleged payments of salary, commissions, and fees in excess of the constitutional limit. It sought also to obtain a declaration of the relative rights of the state and county respecting the prosecution of the action, and the ultimate participation in any recovery that might result.

Six questions were propounded to the circuit court by the county and the commonwealth, and they were:

"1—Is the plaintiff, Jefferson County, entitled to recover from the defendant all sums of money collected by him in his official capacity as County Attorney, during the years 1918 to 1927, both inclusive, over and above Five thousand ($5,000) dollars per annum?

"2—If the answer to the above is that the defendant is not entitled to retain any compensation in excess of Five thousand ($5,000) dollars, then is it necessary to make the Commonwealth of Kentucky a party to a proceeding to recover said excess, or conversely has the Commonwealth of Kentucky any interest in any excess which the defendant might have received during his term of office aforesaid?

"3—If the defendant is not entitled to retain the excess over and above Five thousand ($5,000) dollars, then is the burden of proof upon the plaintiff to prove the excess or was the relation of defendant to plaintiff such as to require the defendant to account to plaintiff and therefore the burden be on the defendant?

"4—Is there any statute of limitations which applied to a claim of the plaintiff to recover said excess fees mentioned above from the defendant? If so, what is the period of limitations?

"5—If there is a statute of limitations which applied then does it begin to run from the time defendant received the excess or does it only begin from time demand for an accounting was made on the defendant by plaintiff and refused by defendant?

"6—If the Commonwealth of Kentucky has an interest in any of the excess fees which were received by the defendant, is this interest confined to the percentum received by the County Attorney for the collection of State revenue, or does it include the percentum received by the County Attorney for the collection of county revenue?"

The chancellor, in a written opinion, answered the questions propounded to the effect that Mr. Chilton was liable to Jefferson county alone for all compensation in excess of $5,000 per year received by him for official services as county attorney, that the five-year statute of limitation applied, and commenced to run at the end of each calendar year as against the amount accruing that year, and that the burden of proving excess payments rested upon the county.

The county, the commonwealth, and Mr. Chilton each has prosecuted an appeal. The county complains because of the ruling respecting limitations and the burden of the proof; the commonwealth is dissatisfied because it was denied the right to participate in the litigation, or to share in any recovery that might result. Chilton objects to the ruling that he is responsible at all, insisting that section 246 of the Constitution is not self-executing, and that no statute authorizes the action against him, or regulates the procedure.

After the oral argument in this court the parties were given an opportunity to file briefs upon the question raised by the court upon its own motion whether the Declaratory Judgment Act warranted an independent action for a declaration of substantive rights and procedural rules for the government of another case then pending in a court of first instance which possessed ample power to decide all the questions raised. Counsel for Chilton alone have responded and argue in favor of

the jurisdiction of this court, and the propriety of its exercise in this instance.

The argument is based mainly upon the second and the fourth sections of the act (Civil Code of Practice, secs. 639a-2, 639a-4). Taking them up in inverse order, the fourth section declares that "further relief, based on a declaratory judgment, order or decree, may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief, either in the same proceeding wherein the declaratory judgment, order or decree, was entered, or, in an independent action." Obviously that provision authorizes and provides the manner of obtaining additional relief that may be rendered necessary by a declaratory judgment. No such judgment has been rendered, and that section has no application to an original action for a declaration of rights. It is confined by its terms to supplemental proceedings subsequent to a decree or other declaration under the act, and for further relief thereunder.

The part of the second section of the act deemed applicable is the provision that "any person . . . whose rights are affected by statute, municipal ordinance, or other government regulation . . . may apply for or secure a declaration of his rights or duties." Plainly there is no such case here. The constitutional limitation on the amount of salary is the basis of the right claimed by the county and the commonwealth, but the cause of action asserted rests upon the alleged receipt of money as compensation to which the officer was not entitled. The action to recover the money presents an opportunity to raise and have determined every question that could be debated in a proceeding of this character.

It is true the purpose of the Declaratory Judgment Act was and is to guide parties in their future conduct to avoid useless litigation. If an actual controversy exists, and that controversy is of the justicable character necessary to meet the demands of the act, the remedy may be invoked.

But the act was not designed, and is not suitable, for the determination of the procedural rules, or the declaration of the substantive rights involved in a pending suit. Such decisions and declarations must be made in the first instance by the court whose power is invoked and which is competent to decide them.

Every question submitted to the court can be decided by the trial court, in the original action, with a right of review in this court after final judgment in the trial tribunal. The jurisdiction of this court is appellate (section 110, Constitution), and no review is allowed until a case is finally decided, except in certain special instances not applicable here or necessary to note.

The first inquiry addressed to the court amounts simply to whether the petition in the other case, which is not exhibited, states a cause of action. A demurrer to the petition would test that very issue. The second question can be settled by a special demurrer because of a defect of parties. If the commonwealth prefers to do so, it is at liberty to apply to the court where the action is pending to permit it to be made a party. If aggrieved by any ruling of the court, it then can appeal. The third question relates to the burden of proof. The proper tribunal to determine that is the one that tries the case. It is sometimes a question of difficulty, and may be varied by the incidents of the case, the admissions or denials of the pleadings, and the facts developed. But the trial court can determine it. A decision of these questions on the brief statement of the general issues would afford no relief from labor or difficulty. That burden would rest upon one or the other party and is unavoidable in a lawsuit of this character. There is no short cut to avoid labor or to reach a right result in such a case. So far as the statute of limitations is concerned, it may be invoked or waived, and the trial court is accustomed to dealing with questions of that nature. An error of the trial court might impose useless labor, but that is an incident inherent in the very nature of judicial action.

Not one of the provisions of the Declaratory Judgment Act contemplates an action to determine procedure or to predetermine the decision of a trial court on a question properly presented to it. Litigation is already precipitated and pending, and the decision in this case would not prevent it or hasten its determination.

The Supreme Court of the United States suggested in the case of Liberty Warehouse Co. v. Burley Tobacco Growers' Co-op. Marketing Ass'n, 276 U. S. 71, 48 S. Ct. 291, 294, 72 L. Ed. 473, that "apparently the (Kentucky) declaratory judgment statute authorizes plaintiffs only to ask for judgments." It is true the act makes no provision for a counterclaim or an intervention, but

obviously none was needed, since only the rights of the plaintiff are to be declared, and all persons interested in the matter must be made parties. We have decided, however, that other relevant and not inconsistent provisions of the Civil Code are not repealed by the act, and it may be that a defendant could set up his side of the controversy in a counterclaim, or other parties be allowed to intervene. Lyons' Adm'r v. Greenblatt, 213 Ky. 567, 281 S. W. 487; Savin v. Delaney, 229 Ky. 226, 16 S. W. (2d) 1039; Edwards v. Bernstein, 231 Ky. 100, 21 S. W. (2d) 133; Black v. Elkhorn Coal Corp., 233 Ky. 588-591, 26 S. W. (2d) 481.

Our decision would not settle the argument among the litigants. The other case would have to be tried, and the court could not render a final judgment without further preparation by one or the other of the litigants. The subsequent developments might put a different light on the issues, the advantage of which should not be denied to the court of final jurisdiction. Every ruling we are asked to make might be the subject of an interlocutory order in the other case, and subject to correction there at any time before final judgment. But this proceeding would make such orders final and binding on the trial court and upon this court as well.

We are asked not to avoid a threatened lawsuit, but to advise on questions raised in a pending one; to decide in the appellate court in advance of a decision in the trial court, whether a cause of action exists, and in whose favor, who has the burden of proof, and when the statute of limitation begins to run.

It cannot be maintained that this case falls within the provision that "any person whose rights are affected by statute, municipal ordinance, or other government regulation, may apply for or seek a declaration of his rights or duties."

No right or duty of Jefferson county suggested in this case is affected by any statute, ordinance, or other regulation. Nor can it be said that Mr. Chilton is within that category. What actually is presented is that Jefferson county has sued Mr. Chilton upon an alleged cause of action set forth in its petition. Mr. Chilton has interposed his defenses.

The questions arising in that lawsuit, as in any other, must be decided by the court where the jurisdiction is vested. To utilize the Declaratory Judgment Act to

obtain the direction of another court respecting the determination of issues in advance of a trial in the court of first instance would be a plain usurpation of authority. The jurisdiction of this court defined by the Constitution as appellate would be radically changed, if not revolutionized.

We have declined to take jurisdiction under the declaratory statute where persons who were not parties to the action would be affected by a declaration. Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752; Coke v. Shanks, 209 Ky. 723, 273 S. W. 552; Lyons' Adm'r v. Greenblatt, 213 Ky. 567, 281 S. W. 487; Herbert C. Heller & Co. v. Hunt Forbes Const. Co., 222 Ky. 564, 1 S. W. (2d) 970. So where the parties sued had no duty to perform in respect of the matter complained of in the action. Revis v. Daugherty, 215 Ky. 823, 287 S. W. 28; Kelly v. Jackson, 206 Ky. 815, 268 S. W. 539; Axton v. Goodman, 205 Ky. 382, 265 S. W. 806. And where the appeal was not filed within the time prescribed by the act, no jurisdiction was acquired. Livingston County v. Adams, 199 Ky. 127, 250 S. W. 811; Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307; Lady v. Lady, 225 Ky. 679, 9 S. W. (2d) 1003; Johnson v Johnson, 225 Ky. 681, 9 S. W. (2d) 1004. Likewise where the action was brought in the wrong court, although to determine a justiciable question. Hatzell v. Dover, 208 Ky. 149, 270 S. W. 723. And where the jurisdiction vested in another tribunal would be invaded, embarrassed, or forestalled, or another available remedy would be abrogated, prejudged, or rendered futile. Proctor v. Avondale H. Co., 200 Ky. 447, 255 S. W. 81; Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S. W. (2d) 466; Back's Guardian v. Bardo, 234 Ky. 211, 27 S. W. (2d) 960.

In Shearer et al. v. Backer et al., 207 Ky. 455, 269 S. W. 543, 545, we held that: "Questions already thus adjudicated by a court having jurisdiction of the subject-matter and the parties, cannot thereafter be the subject between such parties and their privies of 'an actual controversy,' within the meaning of those terms in sections 1 and 6 of the Declaratory Judgment Act." Cf. Lyons' Adm'r v. Greenbatt, 213 Ky. 567, 281 S. W. 487. Where the judgment was in favor of the party appealing, or failed to affect adversely any right of his, no review can be obtained under the act. Mendel v. Congregation Adath Israel, 213 Ky. 371, 281 S. W. 163; Maddox v. Giltner,

226 Ky. 578, 11 S. W. (2d) 426. Jurisdiction was denied where taxpayers sought to declare ineligible certain candidates for office (Dietz v. Zimmer, 231 Ky. 546, 21 S. W. (2d) 999), and where the pleadings and proof did not manifest all the relevant facts (Supreme Tent K. of M. v. Dupriest, 235 Ky. 46, 29 S. W. (2d) 599, 602).

We have exercised jurisdiction under the statute where the parties presented a good faith controversy concerning the construction of a contract (Foreman Auto Co. v. Morris, 198 Ky. 1, 248 S. W. 486); and where a controversy was shown to exist between a county and its sheriff, as to the time taxes collected were payable to the treasurer (Jefferson County v. Gray, 198 Ky. 600, 249 S. W. 771); also, to determine title to land under the terms of a will (Cavin v. Little, 213 Ky. 492, 281 S. W. 480); and it has been held that judgments under the act are binding adjudications and governed by the principles applicable to judgments generally (De Charette v. St. Mathews Bank & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34). The proceeding has been employed to determine the constitutional validity of a statute which affected the compensation of an officer elected before its enactment. Adams v. Slavin, 225 Ky. 135, 7 S. W. (2d) 836. But the court expressly declined to pass upon a question asked concerning the salary of the officers to be elected after the act became effective. In Grooms v. Grooms, 225 Ky. 228, 7 S. W. (2d) 863, the court granted to some extent a declaratory judgment concerning a title acquired at a judicial sale. In Savin v. Delaney, 229 Ky. 226, 16 S. W. (2d) 1039, the jurisdiction was sustained to determine the relative rights of several parties growing out of written contracts concerning real estate. In Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W. (2d) 481, the court declared the rights of a trustee under a mortgage to release liens secured by the mortgage. The constitutionality of the act was questioned in that case, but its validity was upheld on the ground that it did not apply unless an actual controversy respecting justiciable questions was presented in such form as to end the controversy. In Commonwealth Life Ins. Co. v. Louisville Ry. Co., 234 Ky. 802, 29 S. W. (2d) 552, an action was maintained to determine the validity of a refinancing plan as it affected the rights of several bondholders under a series of mortgages on the same property. In 33 C. J. p. 1102, many instances are cited where

rights have been declared under acts of this type, but in none of them was it undertaken to declare substantive rights or procedural rules involved in pending litigation. The English act is similar to ours, and there no constitutional impediment is in the way of the very broadest construction. But even in that jurisdiction it is held that no declaration will be given, assuming that such power existed, when the subject-matter of the request is under consideration in another court having full jurisdiction. Guaranty Trust Co. v. Hannay & Co., 2 K. B. 536, 12 A. L. R. 1. In the annotation to Anway v. Grand Rapids Co., in 12 A. L. R., beginning on page 75, some English authorities are noted to the effect that a court will not make a declaratory judgment in regard to any matter of which another court has taken jurisdiction.

The controversy between these parties is whether Mr. Chilton is obliged to pay back any portion of his compensation. That is not the subject here presented. The matters presented relate merely to incidents arising in the progress of the other case where the controversy is pending and must be determined. The opposing contentions made as to the burden of proof, limitations, and self-executing sections of the Constitution do not present the type of controversy that is to be settled in an action of this character. The Declaratory Judgment Act refers to justiciable controversies of a character to be determined by a single decree or supplemental proceedings thereon. Every dispute between lawyers on a subject of law, whether adjective or substantive, is not a justiciable controversy to be settled in a declaratory action. "A mere difference of opinion is not an actual controversy," within the contemplation of our statute. Axton v. Goodman, 205 Ky. 382, 265 S. W. 806. Cf. Muskrat v. U. S., 219 U. S. 346, 31 S. Ct. 250, 55 L. Ed. 246. Nor is a disputed question of law or procedure raised in a pending suit such an actual controversy as comes within the letter, reason, or spirit of the Declaratory Judgment Act. 1 C. J., sec. 29, p. 940; Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. 541; Cf. Kring v. Missouri, 107 U S. 221, 2 S. Ct. 443, 27 L. Ed. 506. The questions debated in this case must be settled in the first instance by the court and in the case where they are raised.

What the county seeks is a recovery of money, the right to which Chilton disputes. That is the controversy, and it is regularly raised in a court that is fully com-

petent to decide it. No decision we could render in this case would reach or settle the actual controversy. The time for this court, under the Constitution, to review the rulings made in the progress of that case, is upon a regular appeal from a final judgment.

In Proctor v. Avondale Heights Co., 200 Ky. 447, 255 S. W. 81, 83, we held that the court should not declare upon any matter that could be settled in a pending suit for injunctive relief. The court said: ''In the light of this situation we are unable to see what sound reason can be given why in this summary proceeding, which is of necessity passed upon hastily on the pleadings alone, without the benefit of the evidence which may be finally disclosed in the injunction suit, the court should enter such judgment as might, in many material respects, affect a final adjudication in the injunction suit, after it had been fully prepared and heard on the merits.''

In Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S. W. (2d) 466, 467, an injured employee, who had a case pending before the Workmen's Compensation Board, sought a declaration as to the time for which he should be allowed compensation. The court said: ''We cannot approve thus invading the jurisdiction of that board. We do not deem the declaration or construction of the laws governing this matter as necessary or proper at this time under all of the circumstances.'' And in Back's Guardian v. Bardo, 234 Ky. 211, 27 S. W. (2d) 960, a declaratory judgment was sought to determine the propriety of a judgment rendered in a prior proceeding, which could be determined in a direct appeal from the former judgment. The court declined to make such a declaration, and directed dismissal of the proceeding that had been filed under the Declaratory Judgment Act.

We regard these cases as sound in principle, consistent with policy, and determinative of the question presented in this case.

Upon both reason and authority we must decline to make a declaration here. It would forestall the freedom of action of the trial court where the original jurisdiction is vested.

It would, in a real sense, convert our jurisdiction from appellate into original by means of a circuitous procedure not contemplated by the Constitution.

It would not end the controversy, but merely establish our view of the legal and procedural principles to be

applied.   We may properly decide such questions upon an appeal after a final judgment.

It would invite similar suits every time a delay was desired or a difficulty encountered in a pending action. It would multiply rather than obviate needless litigation.

It would deprive this court of the benefit derived from the regular preparation and trial of the case and of the advantage accruing from the exercise of unfettered judgment by the trial court.   Experience has proven the value of trial and error, the mutual exertions of contending interests.   The appellate court is entitled to the fruits of deliberate study and full investigation in the trial tribunals.

Our eagerness to make the courts more serviceable to the people, and to respond to the earnest desires of the parties, must yield to the predominant considerations that justify and require adherence to the established procedure for the settlement of difficulties and disputes involved in the determination of law suits.

The judgment is reversed upon each appeal, with directions to dismiss the action for a declaratory judgment, without prejudice to the rights of either of the parties.

Whole court sitting.