## Greenwell v. Nova et al.

February 6, 1951.

Rehearing denied March 20, 1951.

George K. Holbert, Judge.

Haynes Carter, for appellant.

Faurest & Montgomery, for appellees.

Judge Helm—Affirming.

Appellant, C. R. Greenwell, filed this action against appellees stating that his wife, Mattie Lee Greenwell, died testate February 11, 1948. She left surviving her appellant and appellees, children and grandchildren of appellant and his wife. Appellant sets out that his wife left certain property; a farm deeded to her and to him, with survivorship clause; a farm deeded to his wife, in which he, by the terms of her will, had a life estate with certain provisions for the children of the parties during their lifetime; U. S. savings bonds in the amount of $2,307.50 payable to appellant and the decedent; other personal property listed in an appraisement. The will, the two deeds, and the appraisement are referred to as exhibits but are not in the record.

Appellant states that appellees, Robert Lee Greenwell, Martha Vee Greenwell, and Mary Ruth Dearing, are infants and that "neither has any guardian." Appellant asked that the court construe the will; that the "right of all the parties under the will be adjudged and determined"; that the court construe the deed referred to as Exhibit B; that the court construe, determine and adjudge the rights of the parties under the deed referred to as Exhibit C; that the "rights of all the said parties be determined and adjudged in and to the said estate."

Appellees, Ritchie Lee Terra Nova; John Terra Nova, her husband; Paulella Bogue; B. L. Bogue, her husband; Mary Ruth Dearing, by her guardian Howard E. Dearing; Howard E. Dearing, her husband; Robert Lee Greenwell, by D. W. Routt, his guardian; and Martha Vee Greenwell, by Mrs. J. W. Compton, her guardian, filed answer and counterclaim alleging that "after the institution of this action, the plaintiff and the defendants signed and delivered a writing under and by which they settled all disputes between the parties hereto as to the construction of the will of Mattie Lee Greenwell, the proper distribution of her property, and what property was owned by her at the time of her death." They alleged that "a dispute exists between the plaintiff and the defendants," and they pray that the court "declare the rights of the parties."

Appellant filed reply asking that the answer and

counterclaim of appellees be dismissed. Demurrer was sustained to the reply. Appellant filed an amended reply. Appellees filed a rejoinder. The court heard the testimony of appellant and his witnesses, and the testimony of some of the appellees and their witnesses. The court rendered an opinion and judgment declaring the rights of the parties, reserving certain matters for future determination.

Appellant excepted and was granted an appeal. The judgment was entered March 8, 1950. Appellant filed motion and grounds for a new trial. The motion was overruled March 9, 1950. He was given until June 17, 1950 to file his bill of exceptions. The bill of exceptions was tendered June 16, 1950, and filed August 12, 1950. His appeal was not filed in this court until August 21, 1950.

Appellees filed motion to dismiss appellant's appeal because (1) this is a declaratory judgment action; and (2) the appeal was not filed within 60 days after the judgment declaring the rights of the parties became final.

Appellant maintains that this is not a declaratory judgment action, saying "no provision is made for obtaining a declaratory judgment except by petition on part of the *plaintiff*, and no effort was made upon the part of the plaintiff to obtain a declaratory judgment. Civil Code of Practice, sections 639a-1 and 639a-2."

Appellees sought a declaration of rights in their counterclaim. Civil Code of Practice, section 639a-1, provides: "In any action * * * wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked." Civil Code of Practice, section 639a-2, provides: "Any person interested under a deed, will or other instrument of writing, or in a contract, written or parol; * * * or who as fiduciary, or beneficiary is interested in any estate, provided always that an actual controversy exists with respect thereto, may apply for and secure a declaration of his rights or duties, * * *."

Here an actual dispute or controversy existed, and a declaration of rights was requested as provided by the

above sections of the Code. Civil Code of Practice, section 732(36) provides: "The word 'plaintiff' embraces a defendant who demands a set-off or counter-claim; the word 'defendant' embraces a plaintiff against whom such demand is made; and the word 'petition' embraces an answer or reply in which such demand is made, and also embraces cross-petitions."

In Jefferson County v. Chilton, 236 Ky. 614, 33 S. W. 2d 601, 603, we said: "The Supreme Court of the United States suggested in the case of Liberty Warehouse Co. v. Burley Tobacco Growers' Co-op. Marketing Ass'n, 276 U. S. 71, 48 S. Ct. 291, 294, 72 L. Ed. 473, that 'apparently the (Kentucky) declaratory judgment statute authorizes plaintiffs only to ask for judgments.' * * * We have decided, however, that other relevant and not inconsistent provisions of the Civil Code are not repealed by the act, and it may be that a defendant could set up his side of the controversy in a counterclaim, or other parties be allowed to intervene. * * *"

In Borchard's Declaratory Judgments, p. 26, that authority says: "The moving party may be the defendant, either by way of answer or counterclaim." At pages 181 and 182 the author refers to the Liberty Warehouse Company case saying:

"* * * McReynolds, J., then went on to remark: 'Apparently the declaratory judgment statute authorizes plaintiffs only to ask for judgments.' * * * the Court proceeds: 'This court had no jurisdiction to review a mere declaratory judgment.'

"The two quoted sentences in this paragraph have been refuted by the event. The first statement involves a misapprehension, for defendants very frequntly in answer or counterclaim demand a declaratory judgment on their own behalf, whether or not the plaintiff asked for one. The second statement, which raised an issue not briefed by counsel or necessary to the decision, has been squarely overruled by Nashville, Chattanooga & St. Louis Ry. v. Wallace."

The author adds: "This dictum, it is submitted, is without support, notwithstanding that the action must be instituted by petition. Defendants' requests for declarations are common. * * *"

At pages 26 and 182 the author cites numerous cases in support of this statement.

In the light of these decisions and authority, and the provisions of our Civil Code of Practice, section 732 (36), we conclude that the appellees properly asked for a declaration of rights in their counterclaim. The appeal here was not filed within 60 days from the time the judgment became final.

The appeal is dismissed; the judgment is affirmed.