Lohman *et al. v.* The State.

No. 10,020.

LOHMAN ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Gift Enterprise.—Definition.—Judicial Notice.—Supreme Court.*—The Supreme Court takes judicial notice that the phrase "gift enterprise," used in sections 2077 and 2078, R. S. 1881 (Acts 1881, pp. 211, 212), means substantially a scheme for the division or distribution of certain articles of property, to be determined by chance amongst those who have taken shares in the scheme.

SAME.—*Advertising.—Information.—Duplicity.*— An information, charging that the defendant advertised an account of when and where a certain gift enterprise was to be drawn, the prizes therein, the price of a ticket, and showing where tickets might be obtained, and had at the same time given publicity to said gift enterprise by unlawfully circulating printed copies of such account, does not charge two separate and distinct offences under section 172, R. S. 1881, section 2078.

SAME.—*Price of Ticket.—Equivalent Terms.*—Announcing in the published account, set out in such information, how much money invested in a specified manner would procure a ticket, is equivalent to stating the price of the ticket.

SAME.—*Time or Place of Drawing.*—The announcement in such published account: "To every purchaser of twenty-five cents worth of goods at our drug store we will give a ticket; this ticket entitles the holder to one share in the donation to be held December 10th, 1882," is sufficient to name the time or place of the contemplated drawing.

SAME.—*Signatures to Published Account.*—In such publication, it was immaterial whether any, and, if any, whose name was signed to the published account of the scheme.

From the Noble Circuit Court.

*A. A. Chapin* and *R. P. Barr*, for appellants.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *H. C. Peterson*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information against George H. Lohman and Harry Lohman, for advertising a gift enterprise.

The defendants made an unsuccessful motion to quash the information, after which a trial by the court resulted in finding the defendants guilty as charged, in the assessment of a fine against them, and in judgment on the finding. Error is assigned only upon the refusal of the court to quash the information.

The information charged that George H. Lohman and Harry Lohman, on the 10th day of January, 1882, at the county of Noble, in the State of Indiana, did then and there unlawfully write, advertise and publish an account of a certain gift enterprise denominated " Lohmans' First Annual Donation," then and there and therein stating when and where the same is to be drawn, the prizes therein, the price of a ticket, and showing therein where tickets in said gift enterprise may be obtained, and did then and there give publicity to such gift enterprise by unlawfully circulating a large number of printed copies of said account of said gift enterprise throughout said county and State, said account of said gift enterprise being in words and figures following : " $500 given away. Something new. Lohmans' First Annual Donation. To every purchaser of twenty-five cents worth of goods at our drug store, we will give a ticket. This ticket entitles the holder to one share in the donation to be held December 10th, 1882, and consisting of the following articles : One gent's gold watch, from Beckman's, $100 ; one Domestic sewing machine, $50." Here followed a considerable number of other articles, with their values attached, amounting in the aggregate to $501. " These we absolutely give away without reserve. The articles all first-class in every particular, and

make handsome presents. The manner of drawing will be decided upon by a committee selected by the ticket-holders and made known at some future time.

"G. H. LOHMAN & CO.,

"The Leading Druggists."

Contrary to the form of the statute, etc.

Section 171 of the misdemeanor act of 1881 provides that whoever sells a lottery ticket or share in any lottery scheme or gift enterprise, or acts as agent for any such scheme or enterprise, or aids or abets any person to engage in such scheme or enterprise, or transmits money to any lottery scheme or gift enterprise for the division of property, to be determined by chance, or who makes or draws any lottery scheme or gift enterprise for a division of property, not authorized by law, shall be deemed guilty of a misdemeanor. Acts 1881, p. 211. Section 172 of the same act still further provides that "Whoever writes, prints, advertises or publishes in any way an account of any lottery, gift enterprise or scheme of chance of any kind or description, by whatever name, style or title, the same may be denominated or known, stating when or where the same is to be drawn, or the prizes therein, or any of them, or the price of a ticket, or showing therein where any ticket may be obtained, or in any way giving publicity to such lottery, gift enterprise or scheme of chance, shall be fined not more than five hundred dollars nor less than ten dollars."

The first objection urged to the information is that there is nothing, whether in the dictionaries, in the text-books, in the decided cases, or in our statutes, giving either an authorized or an established definition of the phrase "gift enterprise," and that hence our courts can not judicially know what is meant by the use of that phrase.

We think this objection can not be sustained. In common parlance, a gift enterprise is understood to be substantially a scheme for the division or distribution of certain articles of property, to be determined by chance, amongst those who have

taken shares in the scheme, and the phrase has attained such a notoriety as to justify us in taking judicial notice of what is meant and understood by the use of it. The definition thus given of a gift enterprise is in substantial accord with that which has been attached to it by the provisions of section 171, *supra*, and is one which, it appears to us, may be safely adhered to.

The next objection urged to the information is, that it contained a charge of two separate and distinct offences, and that the weight of authority requires us to hold, notwithstanding some previous decisions of this court, that duplicity affords good cause for quashing an information. We regard this objection, also, as not well made. The information was not in all respects artistically framed, and contained some surplusage, but, taking all its averments together, we construe them to have charged that the appellants had advertised an account of when and where a certain gift enterprise was to be drawn, the prizes therein, the price of a ticket, and showing where tickets might be obtained, and had at the same time given publicity to said gift enterprise, by unlawfully circulating printed copies of such account. As thus construed, the information did not charge two separate and distinct offences, but only gave what purported to be a circuitous and somewhat detailed account of one transaction.

It is also objected that the account of the alleged gift enterprise, set out in the information, did not state the price at which tickets would be sold, or indicate either the time at which, or the place where, the proposed drawing for the articles to be donated would occur. The account thus set out announced how much money to be invested in a specified manner would procure a ticket, and that was certainly the equivalent of stating the price of the ticket. The announcement that the proposed donation would be held on the 10th day of December, 1882, was, in our estimation, when construed in connection with all the other parts of the alleged published account, in like manner, the equivalent of a statement that the

contemplated drawing would take place on that day, and in that respect it was sufficient to name either the time or place of the contemplated drawing, to bring the information within the provisions of section 172, *supra.*

It is still further objected that the information was defective in not averring that the appellants constituted the firm whose name was attached to the published account of the proposed drawing for the distribution of property, but we regard the omission of such an averment as wholly immaterial.

The *gravamen* of the offence charged in the information was the advertising of, and giving publicity to, a contemplated gift enterprise, and it was immaterial whether any, and, if any, whose name was signed to the published account of the scheme.

Our conclusion is that the motion to quash the information was correctly overruled.

The judgment is affirmed, with costs.