# Brittain v. United States Fidelity & Guaranty Company.

(Decided April 19, 1927.)

## Appeal from McCracken Circuit Court.

1. Municipal Corporations.—A police officer of a city of the second class has no power to make an arrest in his official capacity outside of the territorial limits of the city, there being no legislative authority therefor; Ky. Stats., section 3687, applying to sixth class cities, and neither Criminal Code of Practice, section 26, authorizing policemen to execute warrants of arrest, nor section 36, authorizing peace officers to make arrest in case of a public offense in their presence, conferring authority to make arrests outside of city.

2. Municipal Corporations.—Police officer of city has no authority to make an arrest outside of the territorial limits of the city, unless such authority is conferred by the Legislature.

3. Municipal Corporations.—Where police officers of city acted in their private capacity in making an arrest for a misdemeanor, because making it outside of the territorial limits of the city, and did not act in their official capacity, their bondsman held not liable for the killing of the man arrested when he attempted to make his escape.

CROSSLAND & CROSSLAND for appellants.

H. L. MEANS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is an appeal from a judgment of the McCracken circuit court dismissing the petition of appellants against the appellee, United States Fidelity & Guaranty Company. The action is based upon the alleged wrongful killing of George Brittain by certain police officers of the city of Paducah, and appellee is proceeded against as the bondsman of these officers. It is alleged that one McCage fired the shot that killed Brittain and that one Steele was present, assisting, aiding, and advising the said McCage at the time he shot and killed Brittain. Steele was the chief of police of the city of Paducah and McCage was a policeman of the same city. On the night of the killing a posse comitatus raided the house of Pearl Brewer near the city of Paducah, and Steele, in connection with one Vannerson, a county patrolman for McCracken county, had arrested George Brittain in the house of said Brewer on a charge of disorderly conduct. Brittain was placed

in charge of McCage and in attempting to make his escape and while he was fleeing he was shot and killed by McCage. The appellee was bondsman for only Steele and McCage and was not on the bond of Vannerson. These facts are gathered from the petition and amended petition. The house which was raided was just outside the city limits of Paducah and in the county of McCracken.

The sole question to be determined is whether these police officers had any authority to make an arrest outside of the city of Paducah. The appellee appears to have won its contention in the lower court on the ground that Steele and McCage were police officers of the city of Paducah, and that it was not responsible for their acts, because they were not engaged at the time of the killing as officers of the city, but were acting simply as individuals.

Appellants rely on the case of Helm v. Commonwealth, 26 Ky. Law Rep. 165, 81 S. W. 271, in support of their contention that these police officers had authority to make an arrest outside of the city of Paducah. In that case Helm was the city marshal of the town of Whitesville, in the county of Daviess, which was a town of the sixth class. He was sent for and went to the place where he made the arrest about two miles from town. It was insisted in that case that the jurisdiction of the marshal to make arrests was confined to the limits of the town. That case, however, is not authority here, as Ky. Stats., section 3687, specifically confers upon marshals of towns of the sixth class the same powers to make arrests as are conferred upon sheriffs by the laws of the state. This court, construing that section, held that the marshal had the power to make an arrest outside of the town. This opinion followed the opinion in the case of Heather v. Thompson, 25 Ky. Law Rep. 1554, 78 S. W. 194, and the case of Riley v. Grace, 17 Ky. Law Rep. 1007, 33 S. W. 207. As we read the opinion in the case of Helm v. Commonwealth, it holds that the Legislature may authorize police officers to make arrests outside of the limits of their towns, but there is no such legislative authority in the charter of cities of the second class to which Paducah belongs.

It is true that section 26 of the Criminal Code provides that a warrant of arrest may be executed by certain officers, among which policemen are named, and sec-

tion 36 of the Criminal Code confers upon peace officers the authority to make arrests when a public offense is committed in their presence. These sections, however, do not attempt to give police officers the power to make arrests outside of their territorial jurisdiction. This court has held that such authority must come from the Legislature. It may be that the Legislature should confer upon police officers in all cities the power to make arrests outside of their territorial jurisdictions, but until such legislation shall be enacted their authority is confined to the territorial limits of the city.

2 R. C. L. p. 469, thus states the law governing the right of a peace officer to make an arrest outside of his bailiwick:

"A public officer appointed as a conservator of the peace for a particular county or municipality as a general rule has no official power to apprehend offenders beyond the boundaries of the county or district for which he has been appointed. From this it results that, if he attempts to do so and is killed by a person resisting arrest, the killing is manslaughter and not murder."

In the case of Martin v. Houch, 141 N. C. 317, 54 S. E. 291, 7 L. R. A. (N. S.) 576, the Supreme Court of North Carolina held that a police officer has only such powers as are given him by statute, since such officer was not known to the common law.

Finding no authority in the law for a policeman of a city to make an arrest for a misdemeanor outside of the territorial jurisdiction of his city, it follows that, when these officers arrested Brittain, they were not acting under their official authority as policemen, and for that reason the appellee is not responsible on their bond. Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 3 A. L. R. 1619; Fidelity & Casualty Co. of New York v. White, 209 Ky. 402, 272 S. W. 902; Fidelity & Deposit Co. of Maryland v. Hall, 215 Ky. 36, 284 S. W. 426.

The judgment of the lower court being in conformity with these facts, the judgment is affirmed.