YODER ET, PLAINTIFFS, *v.* SO-SOFT OF OHIO, INC., DEFENDANT.

Common Pleas Court, Stark County.

No. 106102.   Decided October 5, 1963.

*Messrs. Greenfield & Malitz, Mr. Robert Jones,* for plaintiff.
*Mr. Pierce E. Cunningham,* assistant attorney general, for defendant.

GRAHAM, J. The plaintiffs claim they entered into a written contract with the defendant by which, among other provisions, they undertook to pay the defendant a total of $938.88. For such amount they were to receive the right to be paid $100.00 for each name the plaintiffs submitted to the defendant who consummated a contract with the defendant, similar to the contract the plaintiffs entered into. In addition thereto the plaintiffs assert that as further consideration the defendant was to sell the plaintiffs a water softener.

The softener had a stipulated price of $648.00. The rest of the total sum of $938.88 was for financing charges. This was in an absurd amount of $290.88.

The plaintiffs further allege that they executed a note in the amount of $938.88 to the defendant. This instrument provided that payments on the note were to be made to the Ohio Loan and Discount Company. The petition asserts that the note was assigned to a third party but to whom we are not advised, except by hearsay.

The plaintiffs assert the price of $648.00 for the softener is several hundred dollars more than the normal price of softeners and that the excessive price is a charge to participate in the referral provision.

The plaintiffs ask that the contract between them and the defendant be declared null and void and that they be released from its terms, not only on the ground that the agreement constitutes a scheme of chance but also because the referral agreement involves the sale of a security and that the security was not licensed by the State and that the salesman was not licensed to sell securities.

The defendant filed a general denial but failed to appear for trial. The only evidence submitted was presented on behalf of the plaintiffs.

The evidence is uncontradicted that the softener does not carry the name of the manufacturer or a trade name. The uncontradicted evidence is also to the effect that standard water softeners of like capacity retail for no more than $300.00 installed. Therefore it begins to appear that the sale of the softener was nothing more than a 'gimmick' used by the defend-

ant to make the sale of a money making scheme to gullible purchasers.

Mrs. Yoder, one of the plaintiffs, testified she and her husband were not in the market for a water softener when the defendant's salesman appeared on the scene. She further testified that the salesman, rather than selling the plaintiffs on their need for a softener or on the quality of the softener, stressed the representation that the plaintiffs, if they entered the contract, could make money by submitting names of prospects who might enter into similar contracts and who could establish credit; that for each of such consummated contracts she would be paid $100.00 by the defendant.

The defendant's salesman substantially corroborated Mrs. Yoder's testimony. Furthermore, he testified he was instructed by the defendant to emphasize the referral angle and to say little about the softener itself. He said that the defendant, among other instructions, told him to tell his prospects that other persons who had entered similar contracts had earned as much as $1200.00 as the result of entering into similar contracts.

Under the state of the record there is no doubt but that the defendant was not primarily interested in selling water softeners but was in fact primarily concerned in inducing the plaintiffs into entering a contract under the terms of which the plaintiffs were to make money.

At this point, in view of the fact that the assignee of the note was not made a party to this action, we conclude that the rights of the assignee of the note, if there is an assignee, cannot be determined in this action.

On the other hand, under the state of the record, the plaintiffs are entitled to a declaration of their rights as between them and the defendant. So far as the evidence discloses we do not know if the defendant has transferred the note, or if it did, whether the assignee is a holder in due course or a party to a fraudulent scheme. We merely pass upon the rights of the parties, the plaintiffs and So-Soft, on the basis of the facts as shown by the evidence.

Under the state of facts it conclusively appears that So-Soft of Ohio utilized the act of selling the water softener to

the plaintiffs as a mere subterfuge to induce them to enter into the agreement, the primary and basic purpose of the defendant being the sale of an instrument evidencing the promise to pay money. Such money would necessarily have to come from the profits of the defendant.

In their first cause of action the plaintiffs assert the transaction constituted a lottery or game of chance and therefore illegal. We are unable to recognize the transaction as such. To constitute gambling there must be the payment of a price for a chance to gain a prize. The evidence here indicates to us that this is a transaction whereby the plaintiffs expected or hoped to share in profits of the defendant, if they were able to furnish the defendant with the names of prospective customers who would enter into contracts similar to the one the plaintiffs executed. The act of purchasing a share of General Motors stock has more of the elements of a gambling transaction than does the one before us.

We have previously indicated in this memorandum that we are of the opinion that the contract involved is 'an instrument evidencing the promise to pay money.' In addition to that, an examination of the authorities submitted by the Attorney General of Ohio, who filed a brief, amicus curiae, because the matter involved is of considerable public interest, *convinces us that the facts in this case show the instrument and transaction involved constituted a sale of a security as contemplated by Section 1707.01, Revised Code.*

The evidence shows that neither the defendant nor the salesman had a license from the State of Ohio to sell such security.

The Court will declare that the Court has no jurisdiction to make a declaration of rights as between the plaintiffs and the assignee of the note, or that there is an assignee; that the transaction was not a game of chance or a lottery; that the transaction involved was a sale of a security from the defendant to the plaintiffs; that the defendant was not licensed to sell such security; and that the contract as between the plaintiffs and So-Soft of Ohio, Inc., is null and void.

Counsel for plaintiffs will furnish Entry.