CITY OF ASHLAND, Kentucky, a Municipal Corporation of the Second Class of the Commonwealth of Kentucky, David O. Welch, Mayor, John Oliverio, Burley Stephens, Jack Thompson and Norman Dutch Berry, City Commissioners, Marcia Mabley, City Assessor, Appellants,

v.

Harold E. KELLEY, Ruie Kelley and the Galloway Realty Co., a Kentucky Corporation, Appellees.

Court of Appeals of Kentucky.

May 20, 1977.

Discretionary Review Granted Oct. 4, 1977.

Michael D. Johnson, Ashland, for appellants.

Michael R. Dowling, Ashland, for appellees.

Before COOPER, GANT and PARK, JJ.

PARK, Judge.

This action was commenced in the Boyd Circuit by the appellees, Harold E. Kelley, Ruie Kelley and the Galloway Realty Company as the owners of real property and taxpayers in the City of Ashland. In their original complaint, the appellants sought a mandatory injunction to compel the appellants, the City of Ashland and its officers, to make a uniform reassessment of all real estate within the city at its fair cash value.

The appellants' opposition to a reassessment was based upon the city's fear that it could not realize any additional tax revenue if the tax base was increased as a result of the reassessment. Because of the great expense which would be incurred in a reappraisal of all property within the city, the city contended that it should not be compelled to equalize the assessments. In an amended complaint, the appellees sought a declaration by the trial court that "the City of Ashland can in fact realize greater tax revenue if the equalization of assessment process causes an increase in the tax base for the City of Ashland." In the judgment entered by the Boyd Circuit Court, the City of Ashland was directed to have a professional appraisal made of all real estate situated within the city. The circuit court further held:

"That the City of Ashland, be entitled to all additional revenue resulting from the application of the presently existing tax rate or a lessor [sic] one to an increased assessment base where the increase was due to net assessment growth."

The City of Ashland appeals from the judgment, raising as the sole issue the following question:

"Is a city of the second class entitled to additional revenue which is produced by applying the presently existing tax rate to a tax assessment base increased due to net assessment growth which was derived from a professional appraisal?"

The city does not contend that the circuit court erred in holding that the city was entitled to any additional revenue produced by an increased tax base resulting from a reassessment. The city is primarily concerned with obtaining a binding decision on the issue prior to its undertaking a reassessment and collecting any additional revenue. As the city states in its brief:

"The effect of the City of Ashland adopting this position and being wrong would be disastrous. If the city did receive revenue in this matter and the Court later held it was not so entitled insolvency could well be the result. Appellants desperately need a decision from this court answering the question presented in this appeal."

The appellees argue on appeal that the circuit court did not err in holding that the city would be entitled to any additional revenue generated by applying the current legal tax rate to the increased tax base which might result from reassessment.

All parties seek a declaratory judgment on the issue raised by the city. The issue is one of great public importance to the city and its residents, and an advance determination will be of benefit to all parties.

In the complaint, the appellees assert that approximately eighty percent of the real estate within the city is undervalued and that only twenty percent of the real estate was valued at fair market value. If the judgment of the trial court is correct, those owners whose property is currently assessed at fair market value would not be required to pay any additional tax as a result of the reassessment. On the other hand, those owners whose property is presently valued at less than fair market value would be required to pay a greater tax if the current legal tax rate is to be applied to the higher value determined upon reassessment. This group of owners is not represented in this proceeding. The appellants and the appellees would have this court decide the issue raised without affording the property owners most directly affected an opportunity to be heard.

Neither the appellants nor the appellees have at any time raised the question of joining all necessary parties to this proceeding. Nevertheless, in declaratory judgment proceedings the appellate court should consider a defect of parties although the question was not otherwise raised. *Worden v. City of Louisville*, 279 Ky. 712, 131 S.W.2d 923 (1939); KRS 418.065. KRS 418.075 provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

Since no owners of underassessed property had been made parties to the action, the circuit court should have declined to rule on the issue presented. The circuit court's judgment could not be binding upon persons who were not parties to the action or who were not represented in the action. See *Coke v. Shanks*, 209 Ky. 723, 273 S.W. 552 (1925). A representative of underassessed property owners should have been joined so that the case could have proceeded to judgment as a class action. See *Selle v. City of Henderson*, 309 Ky. 599, 218 S.W.2d 645 (1949).

The record indicates that all property owners were notified by the city that their taxes could be increased as a result of this litigation. However, this notice did not satisfy the duties imposed upon the trial court in class actions under CR 23.03 and CR 23.04.

Although this court agrees that the City of Ashland is entitled to an adjudication of

the question raised on appeal, there cannot be any such adjudication until such time as a representative of the class of property owners most affected is joined in the proceeding. For the foregoing reasons, the case must be reversed and remanded to the circuit court so that the proper parties may be joined in order that a judgment may be entered binding all parties who would be affected.

All concur.