Harold E. KELLEY et al., Appellants,

v.

CITY OF ASHLAND, Kentucky, etc., et al., Appellees.

Supreme Court of Kentucky.

Feb. 21, 1978.

Michael R. Dowling, Ashland, Joseph J. Leary, Frankfort, for appellants.

Michael D. Johnson, Alan E. Sears, Ashland, for appellees.

STERNBERG, Justice.

This injunction action was filed in the Boyd Circuit Court by Harold E. Kelley, Ruie Kelley and The Galloway Realty Company against the City of Ashland, Kentucky, David O. Welch, Mayor; John Oliverio, Burley Stevens, Jack Thompson and Norman Dutch Berry, City Commissioners; and Marcia Mabley, City Assessor. The appellants sought to have the court order

the appellees to take such measures as are necessary to bring about a uniform ad valorem tax assessment throughout the city. Issues are joined by the parties. By reason of the disposition that we make of the case, it is not necessary that we reach any of the issues made by the pleadings.

A one-day trial was held in the Boyd Circuit Court and the trial judge filed findings of fact, conclusions of law and judgment on October 4, 1976. This judgment ordered, among other things, that the city tax assessor take all steps within the capacity of his office to equalize assessments. From this judgment the appellees appealed to the Court of Appeals of Kentucky. That court disposed of the case by reversing and remanding the action to the Boyd Circuit Court. The bases on which the Court of Appeals disposed of the case are clearly set forth in its opinion. *City of Ashland v. Kelley,* Ky.App., 555 S.W.2d 821 (1977). So that the action of the Court of Appeals is clearly delineated, we quote liberally from it, as follows:

"In the complaint, the appellees assert that approximately eighty percent of the real estate within the city is undervalued and that only twenty percent of the real estate was valued at fair market value. If the judgment of the trial court is correct, those owners whose property is currently assessed at fair market value would not be required to pay any additional tax as a result of the reassessment. On the other hand, those owners whose property is presently valued at less than fair market value would be required to pay a greater tax if the current legal tax rate is to be applied to the higher value determined upon reassessment. This group of owners is not represented in this proceeding. The appellants and the appellees would have this court decide the issue raised without affording the property owners most directly affected an opportunity to be heard.

Neither the appellants nor the appellees have at any time raised the question of joining all necessary parties to this proceeding. Nevertheless, in declaratory judgment proceedings the appellate court should consider a defect of parties although the question was not otherwise raised. * * * Since no owners of underassessed property had been made parties to the action, the circuit court should have declined to rule on the issue presented. The circuit court's judgment could not be binding upon persons who were not parties to the action or who were not represented in the action. * * * "

On October 4, 1977, this court granted discretionary review.

The issue presented is the extent of the tax rate that can be levied by Ashland, a city of the second class. Counsel differ as to the applicability of KRS 132.027, 132.010(6), 132.425 and 92.280, Section 181 of the Kentucky Constitution, and the propriety of making a city-wide reassessment of all of the property within the city limits. Since the Court of Appeals refused to decide the issue, holding as it did that this is a class action and all classes are not represented, we have before us only the propriety of the action of the Court of Appeals. It said, "A representative of underassessed property owners should have been joined so that the case could have proceeded to judgment as a class action."

 Appellants seek to require the appellees to assess all property in the City of Ashland, Kentucky, at its fair cash value which by law they are required to do. (Ky. Const. Sec. 172.) It is not one where one class seeks to benefit at the expense of another. As a matter of fact, where would a person be found who would admit that his property is underassessed, and who is to say that any property is either underassessed or overassessed until the assessment has been made? It is like standing among a crowd of preachers and inquiring for a sinner. There undoubtedly would be one among so goodly a crowd, but it is seriously doubted that it would be admitted.

In *Russman v. Luckett,* Ky., 391 S.W.2d 694 (1965), this court was confronted with a most serious and heatedly contested issue involving the tax assessing condition that existed in Kentucky for many years. Three

separate actions involving the same issue were heard together and decided by one opinion. The persons in the three cases challenging the method of taxation were identified as resident property owners, taxpayers, parents of school children, and students who attend school. We said, "We conclude the plaintiffs not only have a right to prosecute this action but they, and those they represent, and the public, are entitled to relief."

CR 23.01 sets forth the prerequisites to class actions. CR 23.02 provides the authority for bringing class actions. We find nothing in either of these rules which requires a proceeding such as that which we have before us to proceed as a class action. CR 17.01 provides that, "Every action shall be prosecuted in the name of the real party in interest, * * *." We find nothing in this rule to require any person other than the appellants to be parties to this action, which has for its purpose the requiring of a public officer to do his duty.

The judgment of the Court of Appeals is reversed for proceedings in keeping with this opinion.

PALMORE, C. J., and REED, STEPHENSON, JONES, CLAYTON and STERNBERG, JJ., sitting.

All concur.